UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE ROMERO, GUSTAVO RIVERA AVILA, and RUBEN ALBERTO AVILES RODRIGUEZ, individually and on behalf of all others similarly situated,

                           Plaintiffs,

-against-

JF FLORES CONSTRUCTION CORP, and JOSE CARLOS RAMOS, and JOSE FRANCISCO RAMOS FLORES, as individuals,

                           Defendants.
-------------------------------------------------------------------X

Civil Docket No.:
21-cv-06246 (GRB)(SIL)

**AMENDED COLLECTIVE ACTION COMPLAINT**

*JURY TRIAL DEMANDED*

Plaintiffs, **JOSE ROMERO, GUSTAVO RIVERA AVILA, and RUBEN ALBERTO AVILES RODRIGUEZ, individually and on behalf of all others similarly situated** (hereinafter referred to as the "Plaintiffs"), by their attorneys, Helen F. Dalton & Associates, P.C., allege upon personal knowledge and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, through undersigned counsel, bring this action against JF FLORES CONSTRUCTION CORP, JOSE CARLOS RAMOS, as an individual (hereinafter, "Defendant Ramos"), and JOSE FRANCISCO RAMOS FLORES, as an individual (hereinafter, "Defendant Flores") (collectively referred to as the "Defendants"), to recover damages for the Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment by the Defendants at JF FLORES CONSTRUCTION CORP from in or around March 2021 to in or around August 2021.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies that this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. The Plaintiffs are former employees of the Defendants who performed residential and commercial construction work for the Defendants at various job sites located throughout the regions of Roslyn, Astoria, Bronx, Manhattan, Hicksville, and others.

8. Plaintiff, JOSE ROMERO, was employed by the Defendants to work at JF FLORES CONSTRUCTION CORP from in or around March 1, 2021 until in or around August 31, 2021.

9. Plaintiff, GUSTAVO RIVERA AVILA, was employed by the Defendants to work at JF FLORES CONSTRUCTION CORP from in or around March 1, 2021 until in or around August 31, 2021.

10. Plaintiff, RUBEN ALBERTO AVILES RODRIGUEZ, was employed by the Defendants to work at JF FLORES CONSTRUCTION CORP from in or around February 1, 2021 until in or around August 31, 2021.

### JF FLORES CONSTRUCTION CORP

11. Corporate Defendant, JF FLORES CONSTRUCTION CORP, is an active, domestic business corporation, organized under the laws of the State of New York (DOS ID 5129963) with principal executive offices located at 4 Linden Avenue, Hempstead, NY 11550; and 87 New Hyde Park Road, Franklin Square, NY 11010.

2

12. JF FLORES CONSTRUCTION CORP is a corporation authorized to conduct and transact business pursuant to the laws of the State of New York.

13. Defendant, JF FLORES CONSTRUCTION CORP, owns two (2) or more electrical construction jackhammers, and (1) or more large dirt impactor machines, as well as various wood cutting machines, compressors, jigsaws and Zazas and dozens of other items of construction equipment that Plaintiffs were required to use daily while working at JF FLORES CONSTRUCTION CORP.

14. Moreover, during weeks/months when Plaintiffs were required to work on commercial or large residential projects or jobs, Defendants would regularly rent/purchase additional machines for Plaintiffs to use on the jobs. Defendant, JF FLORES CONSTRUCTION CORP, also owns at least two (2) or more corporate vans (a Ford, and a Dodge Ram) that Defendants herein used daily to transport their employees – including the Plaintiffs – to and from each job site, as well as to transport Defendants' materials, tools, goods and other equipment between each job site. Each of the are materials, tools, goods, and equipment, which the Defendants transported between each job site and which Plaintiffs were required to work with daily, were purchased by Defendants through the ordinary channels of business and constituted materials, tools, goods and equipment that were produced and sold, and intended for same within the channels of interstate commerce.

15. Furthermore, JF FLORES CONSTRUCTION CORP generates significant revenues pursuant to contracts with its various customers for the completion of residential and commercial jobs; with each such job generating in the approximate range of $30,000-$60,000 for JF FLORES CONSTRUCTION CORP.

16. During all relevant times hereto, upon information and belief, JF FLORES CONSTRUCTION CORP services at least 10-20 such jobs/projects per year, or more, based on the number of projects that Plaintiffs worked on during the period of their employment.

17. Accordingly, JF FLORES CONSTRUCTION CORP, is, at present, and has been at all times relevant to the allegation asserted herein, an enterprise engaged in interstate commerce within the meaning and intent of the FLSA, in that the entity (i) has had employees engaging in commerce or in the production of goods intended for the channels of interstate commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales exceeding $500,000.00.

18. JF FLORES CONSTRUCTION CORP, therefore, is, during all times relevant hereto, an enterprise engaged in interstate commerce within the meaning, and intent of the FLSA.

19. JF FLORES CONSTRUCTION CORP was the plaintiffs' employer within the meaning and the intent of the FLSA.

<u>Defendant JOSE FRANCISCO RAMOS FLORES</u>

20. JOSE FRANCISCO RAMOS FLORES owns JF FLORES CONSTRUCTION CORP.

21. JOSE FRANCISCO RAMOS FLORES is the original founder, and incorporator, of JF FLORES CONSTRUCTION CORP.

22. JOSE FRANCISCO RAMOS FLORES is the duly registered agent of Defendant JF FLORES CONSTRUCTION CORP.

23. JOSE FRANCISCO RAMOS FLORES is the individual responsible for the management of the affairs of JF FLORES CONSTRUCTION CORP.

24. JOSE FRANCISCO RAMOS FLORES is the individual responsible for directing, and overseeing the business operations of JF FLORES CONSTRUCTION CORP.

25. JOSE FRANCISCO RAMOS FLORES

26. JOSE FRANCISCO RAMOS FLORES oversees the day-to-day work and operations of the business at JF FLORES CONSTRUCTION CORP.

27. JOSE FRANCISCO RAMOS FLORES possesses the unfettered power and discretion to hire the employees of JF FLORES CONSTRUCTION CORP, and hired the Plaintiffs.

28. JOSE FRANCISCO RAMOS FLORES possesses the unfettered power and discretion to fire or terminate the employees of JF FLORES CONSTRUCTION CORP, and terminated the Plaintiffs' employment with JF FLORES CONSTRUCTION CORP.

29. JOSE FRANCISCO RAMOS FLORES is the individual responsible for establishing, setting, and paying the wages of all the employees of JF FLORES CONSTRUCTION CORP, including each of the Plaintiffs.

30. JOSE FRANCISCO RAMOS FLORES is the individual responsible for establishing, determining, and setting the work schedules and hours of the employees of JF FLORES CONSTRUCTION CORP, including the Plaintiffs.

31. JOSE FRANCISCO RAMOS FLORES is the individual responsible for maintaining all the employees' employment records of JF FLORES CONSTRUCTION CORP including those relating to Plaintiffs.

32. JOSE FRANCISCO RAMOS FLORES is the individual responsible for the ordering of products, materials, equipment, tools, and goods of JF FLORES CONSTRUCTION CORP.

33. JOSE FRANCISCO RAMOS FLORES has power over all final personnel decisions of JF FLORES CONSTRUCTION CORP.

34. JOSE FRANCISCO RAMOS FLORES has power over all final payroll decisions of JF FLORES CONSTRUCTION CORP, and regularly handed Plaintiffs their wages, typically, on each Saturday.

35. Defendant JOSE FRANCISCO RAMOS FLORES would frequently take employees of JF FLORES CONSTRUCTION CORP, including the Plaintiffs, to the various job and work sites, where Defendant JOSE FRANCISCO RAMOS FLORES would provide the instructions, tasks, and job assignments to employees regarding the work to be performed each and every day.

36. Defendant JOSE FRANCISCO RAMOS FLORES would take the employees of JF FLORES CONSTRUCTION CORP, to the various job and work sites, and was regularly present at the jobsites in order to supervise the day-to-day work of employees of JF FLORES CONSTRUCTION CORP, including the Plaintiffs.

37. Accordingly, during all relevant times hereto, Defendant JOSE FRANCISCO RAMOS FLORES was the Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

<u>Defendant JOSE CARLOS RAMOS</u>

38. Upon information and belief, Defendant JOSE CARLOS RAMOS is an owner or joint-owner of corporate Defendant JF FLORES CONSTRUCTION CORP.

39. Defendant JOSE CARLOS RAMOS enjoys and/or shares in the profits and revenues generated by JF FLORES CONSTRUCTION CORP.

40. Defendant JOSE CARLOS RAMOS is foreman of JF FLORES CONSTRUCTION CORP.

41. Defendant JOSE CARLOS RAMOS is a manager at JF FLORES CONSTRUCTION CORP.

42. JOSE CARLOS RAMOS is responsible for all of the day-to-day operations of JF FLORES CONSTRUCTION CORP.

43. JOSE CARLOS RAMOS is an authorized agent of JF FLORES CONSTRUCTION CORP, and at all times relevant hereto, held himself out as being such to Plaintiffs.

44. JOSE CARLOS RAMOS possesses power and authority over the final personnel decisions at JF FLORES CONSTRUCTION CORP.

45. JOSE CARLOS RAMOS shares in the authority over the final payroll decisions at JF FLORES CONSTRUCTION CORP.

46. JOSE CARLOS RAMOS has the power to hire, and fire, the employees at JF FLORES CONSTRUCTION CORP, establish and pay their wages, set their work schedules, and is responsible for maintaining employees' employment records.

47. During all relevant times hereto, Defendant JOSE CARLOS RAMOS would regularly transport the Plaintiffs, the Defendants' materials, goods, and job equipment, to and from the job sites, and would travel to and from each job site with Plaintiffs to supervise their day-to-day work doing done there.

48. Defendant JOSE CARLOS RAMOS would regularly travel to and from the job sites with Plaintiffs, and would frequently be present there, in order to supervise the progress of the work being done by the employees of JF FLORES CONSTRUCTION CORP, including Plaintiffs.

49. JOSE CARLOS RAMOS regularly traveled to and from job sites with Plaintiffs, and was frequently present there, to provide instructions, tasks, and job assignments to employees, including Plaintiffs, regarding the work they were required to perform during each day.

50. Defendant JOSE CARLOS RAMOS was responsible for ordering of the products, materials, equipment, tools, and goods of JF FLORES CONSTRUCTION CORP for the jobs.

51. Defendant JOSE CARLOS RAMOS would regularly contact Plaintiffs to inform them of changes to their regular work schedules, including, without limitation, when Plaintiffs were required to start work early or end late on any given work day, and when Plaintiffs were required to perform work on a Saturday.

52. JOSE CARLOS RAMOS was responsible for paying the employees of JF FLORES CONSTRUCTION CORP their wages, including the Plaintiffs.

53. Accordingly, during all relevant times hereto, Defendant JOSE CARLOS RAMOS was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS

### Plaintiff JOSE ROMERO

54. Plaintiff, JOSE ROMERO, was employed by the Defendants to work at JF FLORES CONSTRUCTION CORP., from in or around March 1, 2021 to in or around August 31, 2021.

55. During Plaintiff's employment at JF FLORES CONSTRUCTION CORP, Plaintiff's primary duties were as a day laborer, patio creator, and construction worker, while performing related miscellaneous duties for the Defendants at the directions of JOSE CARLOS RAMOS and/or JOSE FRANCISCO RAMOS FLORES.

56. Throughout his employment by the Defendants, Plaintiff was paid by Defendants a flat lump sum wage, without regard for the number of hours the Plaintiff actually worked, in the amount of approximately $180.00 per day.

57. Plaintiff was paid by the Defendants exclusively in Cash, and never with an accompanying paystub, wage statement, or any other written documentation.

58. Throughout his employment with Defendants, Plaintiff worked a regularly schedule beginning at approximately 6:30—7:00 AM each day, and stopped working at approximately 7:00—8:00 PM each day, for an average of approximately 13 hours Plaintiff regularly worked each work day. Throughout his employment with Defendants, the Plaintiff regularly worked six (6), or seven (7), days per week at JF FLORES CONSTRUCTION CORP. Whether the Plaintiff was required to work on six (6) or seven (7) days per week during any given workweek depending on the volume of the Defendants' business, and the instructions he received from the defendants, JOSE CARLOS RAMOS, and JOSE FRANCISCO RAMOS FLORES, as individuals.

59. Therefore, Plaintiff, JOSE ROMERO, regularly worked approximately 78 hours or more hours per week at JF FLORES CONSTRUCTION CORP from in or around March 2021 until in or around August 2021.

60. Although Plaintiff regularly worked approximately 78 hours per week at JF FLORES CONSTRUCTION CORP from in or around March 2021 until in or around August 2021, the Defendants did not pay Plaintiff JOSE ROMERO at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

61. Moreover, although Plaintiff JOSE ROMERO regularly worked a shift/workday consisting of greater than ten (10) straight hours, during six (6) or seven (7) days per week from

7

in or around March 2021 until in or around August 2021, Defendants did not pay Plaintiff JOSE ROMERO one (1) hour's pay at the basic minimum hourly wage rate for any such day in which the Plaintiff's spread of hours exceeded 10 hours, in violation of in violation of the NYLL and its implementing regulations.  N.Y.L.L. §§ 650 *et seq*; 12 NYCRR § 142-3.4.

62. Furthermore, the Defendants failed to compensated Plaintiff JOSE ROMERO at all for the work Plaintiff performed for the Defendants during the final three weeks of Plaintiff's employment at JF FLORES CONSTRUCTION CORP.

Plaintiff GUSTAVO RIVERA AVILA

63. Plaintiff, GUSTAVO RIVERA AVILA, was employed by the Defendants to work at JF FLORES CONSTRUCTION CORP., from in or around March 1, 2021 until in or around August 31, 2021.

64. During Plaintiff's employment at JF FLORES CONSTRUCTION CORP, Plaintiff's primary duties were as a day laborer, patio creator, and cement pourer while performing related miscellaneous duties and job tasks for the Defendants as required, at the directions of JOSE CARLOS RAMOS and/or JOSE FRANCISCO RAMOS FLORES.

65. Throughout his employment by the Defendants, Plaintiff was paid by Defendants a flat daily wage, without regard for the number of hours the Plaintiff actually worked, in the flat sum of approximately $180.00 per day.

66. Plaintiff was paid by Defendants exclusively in Cash, and never with an accompanying paystub, wage statement, or any other written documentation.

67. Throughout his employment with Defendants, Plaintiff worked a regularly schedule beginning at approximately 6:30—7:00 AM each day, and stopped working at approximately 7:00—8:00 PM each day, for an average of approximately 13 hours Plaintiff regularly worked each work day.  Throughout his employment with Defendants, the Plaintiff regularly worked six (6), or seven (7), days per week at JF FLORES CONSTRUCTION CORP.  Whether the Plaintiff was required to work on six (6) or seven (7) days per week during any given workweek depending on the volume of the Defendants' business, and the instructions he received from the defendants, JOSE CARLOS RAMOS, and JOSE FRANCISCO RAMOS FLORES, as individuals.

68. Therefore, Plaintiff GUSTAVO RIVERA AVILA regularly worked approximately 78 hours or more hours per week at JF FLORES CONSTRUCTION CORP from in or around March 2021 until in or around August 2021.

69. Although Plaintiff regularly worked approximately 78 hours per week at JF FLORES CONSTRUCTION CORP from in or around March 2021 until in or around August 2021, the Defendants did not pay Plaintiff GUSTAVO RIVERA AVILA at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

70. Moreover, although Plaintiff GUSTAVO RIVERA AVILA regularly worked a shift/workday consisting of greater than ten (10) straight hours, during six (6) or seven (7) days per week from in or around March 2021 until in or around August 2021, Defendants did not pay Plaintiff GUSTAVO RIVERA AVILA one (1) hour's pay at the basic minimum hourly wage rate for any such day in which the Plaintiff's spread of hours exceeded 10 hours, in violation of in violation of the NYLL and its implementing regulations.  N.Y.L.L. §§ 650 *et seq*; 12 NYCRR § 142-3.4.

71. Furthermore, although Plaintiff GUSTAVO RIVERA AVILA was paid by Defendants a flat sum of approximately $180.00 per day, Defendant JOSE FRANCISCO RAMOS FLORES had promised to Plaintiff GUSTAVO RIVERA AVILA a daily payment of $200.00 but unlawfully docked approximately $20.00 from Plaintiff GUSTAVO RIVERA AVILA's wages when the Defendant was unhappy with the work of Plaintiff, in violation of the NYLL and 12 NYCRR § 142-2.10, et seq.

<u>Plaintiff RUBEN ALBERTO AVILES RODRIGUEZ</u>

72. Plaintiff, RUBEN ALBERTO AVILES RODRIGUEZ, was employed by Defendants to work at JF FLORES CONSTRUCTION CORP from in or around February 1, 2021 until in or around August 31, 2021.

73. During Plaintiff's employment at JF FLORES CONSTRUCTION CORP, Plaintiff's primary duties were as a day laborer and cement pourer while performing related duties for Defendants at the direction of JOSE CARLOS RAMOS or JOSE FRANCISCO RAMOS FLORES.

74. Throughout his employment by the Defendants, Plaintiff was paid by Defendants a flat daily wage, without regard for the number of hours the Plaintiff actually worked, in the flat sum of approximately $180.00 per day.

75. Plaintiff was paid by Defendants exclusively in Cash, and never with an accompanying paystub, wage statement, or any other written documentation.

76. Throughout his employment with Defendants, Plaintiff worked a regularly schedule beginning at approximately 6:30—7:00 AM each day, and stopped working at approximately 7:00—8:00 PM each day, for an average of approximately 13 hours that the Plaintiff regularly worked each work day. Throughout his employment with Defendants, the Plaintiff regularly worked six (6), or seven (7), days per week at JF FLORES CONSTRUCTION CORP. Whether the Plaintiff was required to work on six (6) or seven (7) days per week during any given workweek depending on the volume of the Defendants' business, and the instructions he received from the defendants, JOSE CARLOS RAMOS, and JOSE FRANCISCO RAMOS FLORES, as individuals.

77. Therefore, Plaintiff RUBEN ALBERTO AVILES RODRIGUEZ regularly worked approximately 78 hours or more hours per week at JF FLORES CONSTRUCTION CORP from in or around February 2021 until in or around August 2021.

78. Although the Plaintiff regularly worked approximately 78 hours or more hours per week at JF FLORES CONSTRUCTION CORP from in or around February 2021 until in or around August 2021, the Defendants did not pay Plaintiff RUBEN ALBERTO AVILES RODRIGUEZ at a wage rate of time and a half (1.5) for hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

79. Moreover, although Plaintiff RUBEN ALBERTO AVILES RODRIGUEZ regularly worked a shift/workday consisting of greater than ten (10) straight hours, during six (6) or seven (7) days per week from in or around March 2021 until in or around August 2021, Defendants did not pay Plaintiff RUBEN ALBERTO AVILES RODRIGUEZ one (1) hour's pay at the basic minimum hourly wage rate for any such day in which the Plaintiff's spread of hours exceeded 10 hours, in violation of in violation of the NYLL and its implementing regulations. N.Y.L.L. §§ 650 *et seq*; 12 NYCRR § 142-3.4.

Other Allegations/Violations of Law Commonly Alleged By All Plaintiffs

80. The Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.  See also 12 NYCRR § 142-2.8.

81. The Defendants willfully failed to maintain accurate and contemporaneous payroll records as required by both NYLL and the FLSA.  See also 12 NYCRR § 142-2.6.

82. Plaintiffs were never provided with a lunch break during their workday; instead, plaintiffs received up to approximately 15 minutes to eat their lunch while on the job; and Plaintiffs alleged that Defendant JOSE FRANCISCO RAMOS FLORES would tell them, for example, that if they did a good job today, they 'will earn themselves a lunch break' which often failed to occur.

83. Plaintiffs regularly performed manual labor for Defendants within the meaning and intent of the NYLL and related state regulations and as those terms are defined within the NYLL and its implementing regulations, and as such, Plaintiffs claim any compensation due to Plaintiffs to the extent permissible under the state laws, for the late payment of their wages under NYLL, in addition to liquidated damages sought herein, an award of reasonable attorneys' fees, and statutory interest on the sum of any delayed wages.

84. Further, the Defendants failed to provide Plaintiffs with a written notice, in English., and in Spanish (Plaintiffs' primary language), of their regular rate of pay, regular pay day, and such other information as required by NYLL §195(1).

85. The Defendants failed to provide Plaintiffs with wage statements upon each payment of their regular wages, as required by NYLL §195(3); 12 NYCRR § 142-2.7.

86. As a result of these violations of Federal and New York State labor laws, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies as this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

87. Plaintiffs bring this collective action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the 'collective class'.

88. Collective Class: All persons who are or have been employed by the Defendants as patio creators, construction workers, helpers, day laborers, concrete pourers, mason workers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

89. Upon information and belief, Defendants employed approximately 10-15 other such employees within the relevant time period who were subjected by Defendants to similar payment structures that violated applicable law.

90. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to regularly work more than forty (40) hours per week, without appropriate overtime compensation.

91. Defendants' unlawful conduct has been widespread, repeated, and consistent.

92. Upon information and belief, Defendants had knowledge that the Plaintiffs and the Collective Class performed work requiring overtime pay.

93. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

94. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

95. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

96. The claims of Plaintiff are typical of the claims of the putative class.

97. Plaintiffs and counsel will fairly and adequately represent and protect those interests of the putative class.

98. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

99. Plaintiffs re-alleges and incorporate by reference all allegations in all preceding paragraphs.

100. Plaintiffs have consented to being parties to this collective action, pursuant to the FLSA, 29 U.S.C. §216(b).

101. At all times relevant to this action, the Plaintiffs were engaged in commerce or the production of goods for commerce, within the meaning and intent of 29 U.S.C. §§206(a) and 207(a).

102. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning and intent of 29 U.S.C. §§206(a) and 207(a).

103. Defendants willfully failed to pay Plaintiffs' overtime wages for their hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

104. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA, or their obligations thereto under the law with respect to their compensation of the Plaintiffs.

105. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

106. Plaintiffs re-alleges and incorporate by reference all allegations in all preceding paragraphs.

107. At all times relevant to this action, Plaintiffs were employed by the Defendants within the meaning of New York Labor Law §§2 and 651.

108. Defendants failed to pay Plaintiffs' overtime wages for hours regularly worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of the NYLL; and related state regulations, 12 N.Y.C.R.R. §§ 142-2.22; 142-23.2, *et. seq*.

109. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

110. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

111. Defendants willfully failed to pay all of the Plaintiffs' wages for all their hours worked in violation of 29 U.S.C. §206(a).

112. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

113. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

114. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

115. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

116. Defendants willfully failed to pay all of the Plaintiffs' wages for all their hours worked in violation of New York Labor Law Article 6.

117. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

**Unlawful Deductions from Regular Wages under the New York Labor Law**

118. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

119. Plaintiffs were employees employed by Defendants within the meaning of the term "employee" in the NYLL §§190 et seq.

120. Plaintiffs' compensation from Defendants constituted wages within the meaning of the term "wages" in the NYLL §§190 et seq.

121. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

122. Throughout the course of Plaintiffs employment with Defendants, the Defendants made unlawful deductions to the wages of the Plaintiffs without Plaintiffs written consent in violation of NYLL §193, *et. seq.*; 12 NYCRR § 142-2.10 *et. seq*.

123. Defendants' unlawful deductions from the wages of Plaintiffs were not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency, were not for the benefit of the Plaintiff(s), were not for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, or similar payments for the benefit of Plaintiff(s).

124. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damage for unlawful deductions and an amount equal to same in the form of liquidated damages under the NYLL, together reasonable attorneys' fees, and costs of the action, including interest, in accordance with NY Labor Law §198(1-a).

## SIXTH CAUSE OF ACTION

### Unpaid Spread Of Hours under the New York Labor Law

125. Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.

126. Defendants willfully violated Plaintiffs' rights by failing to provide Plaintiffs one hour's pay at the basic minimum hourly wage rate (in addition to the minimum wage required) for each day during which Plaintiffs' spread of hours exceed(ed) 10 hours; or there is a split shift; or both situations occur, in violation of the NYLL, New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.22.

127. Due to Defendants' New York Labor Law violations Plaintiffs are entitled to recover from Defendants for their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SEVENTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

128. Plaintiffs re-alleges and incorporate by reference all allegations

129. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (the Plaintiffs' primary language), of their regular rates of pay, regular pay day, and such other information as required by NYLL §195(1) *et. seq.*; 12 NYCRR § 142-2.6 *et. seq.*

130. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

131. Plaintiffs re-alleges and incorporate by reference all allegations in all preceding paragraphs.

132. Defendants failed to provide Plaintiffs with any wage statements upon each payment of wages, as required by NYLL §195(3); 12 NYCRR § 142-2.7, *et. seq.*

133. Defendants are liable to Plaintiff sin the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring the Defendants herein to have been the Plaintiffs employer within the meaning and the intent of the FLSA;

b. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

c. Awarding Plaintiffs damages for their unpaid wages;

d. Awarding Plaintiffs unpaid overtime wages;

e. Awarding Plaintiffs unpaid spread of hour compensation;

f. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiffs prejudgment and post-judgment interest;

h. Awarding Plaintiffs costs of this action together with reasonable attorneys' fees; and

i. Awarding Plaintiffs such and further relief this court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised herein.

Dated: January 24, 2022
      Kew Gardens, New York

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
*Attorneys for Plaintiffs*
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE ROMERO, GUSTAVO RIVERA AVILA, and RUBEN ALBERTO AVILES RODRIGUEZ individually and on behalf of all others similarly situated,

                              Plaintiffs,

-against-

JF FLORES CONSTRUCTION CORP, and JOSE CARLOS RAMOS, and JOSE FRANCISCO RAMOS FLORES, as individuals,

                              Defendants.

**AMENDED COLLECTIVE ACTION COMPLAINT**

Civil Docket No.: 21-cv-06246 (GRB)(SIL)

*TRIAL BY JURY DEMANDED*

HELEN F. DALTON & ASSOCIATES, P.C.
  Attorneys for Plaintiffs
  80-02 Kew Gardens Road, Suite 601
  Kew Gardens, NY 11415
  Phone (718) 263-9591
  Fax (718) 263-9598

**TO:**

Avrohom Y. Gefen, Esq. (**v**ia ECF)
VISHNICK MCGOVERN MILIZIO LLP
***Attorneys for JF Flores Construction Corp., Jose F. Ramos Flores, as an individual***
3000 Marcus Avenue, Suite 1E9
Lake Success, NY 11042


**JOSE CARLOS RAMOS, as an individual**
265 Stone Street, Elmont, New York 11003

4 Linden Avenue, Hempstead, New York 11550
87 New Hyde Park Rd, Franklin Square, New York 11010
10444 38th Ave, Unit 2nd, Corona, New York 11368-2031